In the Matter of TMT TRAILER FERRY, INC., Debtor.

The PROTECTIVE COMMITTEE FOR INDEPENDENT STOCKHOLDERS OF TMT TRAILER FERRY, INC., Appellant,

v.

C. Gordon ANDERSON, Trustee, Appellee.

Nos. 19996, 20563.

United States Court of Appeals Fifth Circuit.

June 8, 1964.

Rehearing Denied in No. 19996 Aug. 14, 1964.

Certiorari Denied Oct. 19, 1964. See 85 S.Ct. 147.

porate Reorganizations: Changes Effected by Chapter X of the Bankruptcy Act, 52 How.L.Rev. 1, 28.

Irwin L. Langbein, West Palm Beach, Fla., Malcolm S. Mason, Irma S. Mason (of the District of Columbia Bar), New York City, for appellant.

William P. Simmons, Jr., Miami, Fla., C. C. Larimore, Shutts, Bowen, Simmons, Prevatt & Boureau, Miami, Fla., for appellee.

Cravath, Swaine & Moore, John F. Hunt, Jr., New York City, for appellee Allied Assets Corp.

David Ferber, Assoc. Gen. Counsel, Philip A. Loomis, Jr., Gen. Counsel, Paul Ganson, Atty., S.E.C., Washington, D. C., Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., Carl W. Painter, New York City, Peter A. Dammann, Gen. Counsel, Robert Cox, Atty., S.E.C., Washington, D. C., Paul G. Hyman, Edward W. Patton, Jackson L. Peters, W. G. Troxler, Frank J. Kelly, Linwood Anderson, Miami, Fla., Francis D. Wheeler, Jacksonville, Fla., Ben Lawson, Miami, Fla., M. James Spitzer, Lee Pressman, New York City, for appellee.

Before RIVES, JONES and WISDOM, Circuit Judges.

PER CURIAM.

■ These two appeals are here consolidated. They are taken from the trial court's determination that the bankrupt is insolvent and its later order confirming a plan of reorganization. The appeals were consolidated for argument by order of this Court with United States v. Anderson, Trustee, 5 Cir., 334 F.2d 111. In view of the decision there rendered we remand this proceeding to the district court for a determination of the feasibility of consummating the present plan. If it be found that the present plan is not feasible, after giving to the Government the priority accorded it in the opinion in the companion case of United States v. Anderson, then it may be a new plan, based upon an updated determination of insolvency, can be submitted.

■ In light of the decision to remand this case, it is unnecessary to determine all of the several issues raised by the appeal. However, one question was submitted by the parties, the answer to which will materially lessen uncertainty in subsequent proceedings. Prior to the approval of the plan presently under discussion contracts of employment between the major creditors and the trustee and two of his subordinates were introduced into the record as part of the plan. They were eventually stricken from the plan, prior to confirmation, and the following provision was the only allusion to the subject:

"It is necessary that competent management, which might include present management, be employed to operate the reorganized company and that any such management contract is to be approved by the new Board of Directors and the Court."

Briefly stated, it is the contention of the appellant and the Securities and Exchange Commission that the fact that the trustee was to take over the presidency of the reorganized company vitiated the plan. It is contended that the fact that he looked forward to taking up a remunerative position with the company after it got into the hands of its creditors, gave him an interest in conflict with that of the stockholder. This conflict of interest is argued to have been fatal to the plan. We cannot agree. There is nothing presently in the Bankruptcy Law as codified or in the cases thereunder which precludes the employment of the trustee by the reorganized company. Moreover, it is the duty of the proponents of the plan, prior to its confirmation, to disclose "the identity, qualifications, and affiliations of the persons who are to be directors or officers * * *." 11 U.S.C.A. § 621(5).

However, it is our opinion that a trustee would not be disinterested within the

meaning of 11 U.S.C.A. § 558 if the proponents of a plan assured him of emoluments and security rather than merely nominating him for approval by the court and subject to the usual control of the Board of Directors. Equity must exact from its trustees "forbearance of all opportunities to advance self-interest that might bring the disinterestedness of their administration into question." Mosser v. Darrow, 341 U.S. 267, 271, 71 S.Ct. 680, 682, 95 L.Ed. 927.

The plan is not to be rejected merely because Anderson, the trustee, would become president of the reorganized company, but the cause must be remanded for a determination as to the feasibility of the plan in the light of the Government's preferred position as established in the companion case.

Remanded.

## ON PETITION FOR REHEARING

The petition of Securities and Exchange Commission for rehearing or clarification, in which it has been joined by the Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc., is hereby denied.